

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00148-CV

IN RE GARY LEWIS BAILEY, RELATOR

ORIGINAL PROCEEDING

May 2, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Relator, Gary Lewis Bailey, a prison inmate appearing *pro se,* has filed a petition seeking a writ of mandamus compelling respondent, the "State of Texas re: Board of Pardons and Paroles," to grant him release from prison on parole.  We will dismiss the petition.

Relator's petition has no appendix or record, *see* TEX. R. APP. P. 52.3 (required form and contents of petition), but from our reading of his petition relator asks us to remedy a recent denial of parole by the Board of Pardons and Paroles.

Section 22.221 of the Texas Government Code expressly limits the mandamus jurisdiction of the courts of appeals to writs necessary to enforce the jurisdiction of the

court of appeals and writs against specified district or county court judges in the court of appeals district. TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004). Consequently, unless necessary to enforce our jurisdiction, we have no jurisdiction to issue a writ of mandamus against the Texas Board of Pardons and Paroles. *See In re Gomez,* No. 01-13-00680-CR, 2013 Tex. App. LEXIS 11954, at *2-3 (Tex. App.—Houston [1st Dist.] Sept. 24, 2013, original proceeding) (per curiam, mem. op., not designated for publication) (finding no original jurisdiction by appellate court over Texas Board of Pardons and Paroles).

Neither relator's petition nor review of our own records shows that relator has an appeal pending before us. "The writ of mandamus may not be utilized to protect or enforce potential jurisdiction of a court of appeals . . . . Generally, it is only after appellate jurisdiction has been invoked and thus becomes active that a Court of Appeals may enforce or protect its jurisdiction by issuance of the writ." *In re Brown,* 2011 Tex. App. LEXIS 8581 (Tex. App.—Amarillo Oct. 27, 2011, orig. proceeding) (mem. op.) (citations omitted). The question of relator's parole eligibility is not a matter threatening or otherwise jeopardizing our exercise of appellate jurisdiction over an existing appeal. Finding we therefore lack jurisdiction to consider the merits of relator's petition, we dismiss this original proceeding for lack of jurisdiction.

James T. Campbell
Justice

2